IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00617-CMA-MJW

THOMAS NEILSEN,

    Plaintiff,

v.

GENIE CONNAGHAN, in her official capacity as Thomas Neilsen's parole officer,
RICK RAEMISCH, in his official capacity as Executive Director of the DOC, and
MAGGIE M. MCELDERRY, in her official capacity as DOC facility parole officer,

    Defendants.

## ORDER AFFIRMING AND ADOPTING IN PART THE FEBURARY 14, 2018 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the February 14, 2018, Recommendation by United States Magistrate Judge Michael J. Watanabe that Defendants' Motion to Dismiss (Doc. # 54) be granted in part and denied in part. (Doc. # 61.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 49.) Despite this advisement, no party filed objections to Magistrate Judge Watanabe's Recommendation. "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S.

140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

The Court has reviewed all the relevant pleadings concerning Defendants' Motion to Dismiss and the Recommendation. Magistrate Judge Watanabe concluded that Plaintiff's request for an injunction against Defendants Raemisch and McElderry is moot because Plaintiff has been released onto parole. (Doc. # 61 at 7–9.) He also noted that because "neither party ha[d] provided any details as to the current conditions of Plaintiff's parole," it was "possible that Plaintiff is living with his wife at his home, thus rendering this entire action moot." (*Id*. at 9.) Because he could not determine whether the entire action was moot, the Magistrate Judge continued on to address Plaintiff's other claims. (*Id*. at 9–10.) He recommended that Plaintiff's claims for declaratory and injunctive relief against Defendants Connaghan and McElderry be permitted to proceed. (*Id*. at 15.)

After receiving the Recommendation, this Court ordered the parties to file a status report informing the Court as to whether Plaintiff is currently living with his spouse. (Doc. # 62.) On February 28, 2018, Plaintiff informed the Court that he is currently living with his wife in their home. (Doc. # 63.)

Accordingly, this action is moot and must be dismissed. Mootness is a threshold issue because "Article III delimits the jurisdiction of federal courts, allowing us to consider only actual cases or controversies." *McKeen v. U.S. Forest Serv.*, 615 F.3d 1244, 1255 (10th Cir. 2010) (quoting *Abdulhaseeb v. Calbone*, 600 F. 3d 1301, 1311

(10th Cir. 2010)). In deciding whether a case is moot, "the crucial question is whether granting a present determination of the issues offered . . . will have some effect in the real world." *Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) (internal citation omitted). "When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Id.* (citing *United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir. 2004) (en banc)). Because Plaintiff in the instant matter is currently living with his wife, determination of his remaining claims will have no effect in the real world.

Therefore, it is ORDERED that the Recommendation of Magistrate Judge Watanabe (Doc. # 61) is AFFIRMED and ADOPTED IN PART as to his analysis of mootness with respect to Plaintiff's claim seeking his release onto parole. The Court rejects the Recommendation to the extent that it permits Plaintiff's claim for declaratory and injunctive relief with respect to unauthorized parole conditions to proceed. For the reasons set forth above, the Court finds that those claims are moot. Therefore, it is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 54) is GRANTED in full and the entire action is dismissed as moot.

DATED: March 7, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge